## Saylor's Appeal.

*Issues in Chancery.—Practice as to Return of Evidence.—Motion to withdraw Bill, when not admissible.*

1. Where, on bill and answer, the court sent an issue to a jury as to whether the deed and agreement mentioned in the complainant's bill were fraudulently obtained, it is not a valid objection to a decree after verdict, that the evidence was not returned with the verdict to the equity side of the court.

2. Though in chancery, as a general rule, a complainant may move to dismiss his bill with costs, at any time before decree, as a matter of course, yet after an issue as to the facts alleged in the bill had been tried by a jury, and a verdict found for the defendant, upon which the court were about to pronounce a final decree, the plaintiff cannot then move to dismiss the bill, for the defendant is entitled to a formal dismissal, so as to enrol it as a final judgment, and make it pleadable.

APPEAL from the Common Pleas of *Somerset county.*

This was an appeal, by David Saylor, from the decree of the court below, on a bill in equity filed by him, March 20th 1855, against Conrad M. Hicks, Richard D. Johnson, and James Smith.

On the 25th day of January 1853, David Saylor entered into an agreement with Conrad M. Hicks for the sale of the iron ore and coal imbedded under the surface of his farm, in the township of Summit, Somerset county, Pennsylvania, to himself, and his heirs or assigns, as much coal, &c., as he or they may want for their own use. On the 3d of April 1854, a deed was executed, conveying to Conrad M. Hicks, Richard D. Johnson, and James Smith, their heirs and assigns for ever, all the stone coal, iron ore, fossil, limestone, and all other minerals and mineral substances, with the reservation to the grantor and wife, during their natural lives, and during the natural life of the survivor of them, the right and privilege of taking, using, and mining, in a proper manner, all the stone coal that may be necessary for

their own domestic use on the residence upon said farm, and the privilege and right of using all the stone coal that may be necessary for the farm, &c. On the 20th of March, the plaintiff, by *Gaither & Meyers*, his counsel, filed a bill in equity, alleging that the deed was obtained by fraud, as it conveys more than Hicks bought by his article of agreement, and that the plaintiff had sold nothing but the iron ore and stone coal.

The *subpœna* was returned served personally on C. M. Hicks, and *nihil* as to the other defendants.

After the answer of the defendant was filed, Mr. Hugus was appointed to take testimony, ascertain the facts, and report; which was done on the 26th of August 1855. A supplemental bill and answer were then filed. On the 18th of September 1855, by agreement of counsel, an issue was directed to find for the information of the conscience of the court, the truth or falsehood of the following propositions, viz. :

1. Was the agreement mentioned in plaintiff's bill fraudulently obtained from plaintiff by Conrad M. Hicks, one of the defendants ?

2. Was the deed mentioned in plaintiff's bill fraudulently obtained from plaintiff by the defendants, or either of them ?

The agreement provided that these facts should be found by the jury without any formal pleadings; the plaintiff, Saylor, affirming, and the defendant, Hicks, denying the propositions.

On the 13th of November 1855, a jury was called, who, on the 15th, rendered a verdict for defendant.

The jury fee was paid, November 19th 1855, by *Stutzman*, who was of counsel for defendant; and, on the 24th of November 1855, the plaintiff paid the costs.

On the 14th of June 1860, *Baer, Brothers*, who were then counsel for defendant, moved the court to enter the following decree :

"The jury, on the trial of the cause, having returned a verdict on the issues joined in favour of the defendants, on the 7th day of February 1860, and the cause being now before the court sitting in Chancery, on motion of counsel for defendants to enter the decree, therefore, upon consideration thereof, it is ordered, adjudged, and decreed, that the agreement in the plaintiff's bill mentioned, to wit, the agreement made between Conrad M. Hicks and David Saylor, on the 25th of January 1853, and the deed mentioned in said plaintiff's bill, to wit, the deed made on the 3d day of April 1854, by David Saylor and wife to Conrad M. Hicks, Richard D. Johnson, and James Smith, were not, nor was either of them, fraudulently obtained by Conrad M. Hicks, Richard D. Johnson, and James Smith, or either of them, from the said David Saylor, and that the plaintiff's bill be dismissed at his costs."

[Saylor's Appeal.]

To the entry of this decree the counsel for plaintiff protested, because,

1. The jury did not certify the facts found so as to enable the court to decree on their finding.

2. The jury should have certified to the court the facts ascertained, and the evidence on which their verdict was predicated.

3. The plaintiff, by his counsel, asks permission of the court to withdraw his petition and all the papers filed in this proceeding.

4. It would be unjust to allow the defendants a decree, after the plaintiff brought his action of trespass, to try the question of fraud in obtaining the deed, he having abandoned the bill in equity before it was terminated, and elected to proceed in the action of trespass.

5. The plaintiff should be allowed to withdraw the proceedings in this case, for the reason they are informal, and commenced prematurely, and for the further reason, that there is no necessity for this bill, as the common law affords ample remedy.

6. The defendants are not entitled to ask a decree; the plaintiff alone can do this; the defendants can only push the plaintiff to a nonsuit, or the withdrawal of the proceedings. .

The court directed the entry of the decree, as prayed for by defendant, whereupon the plaintiff appealed to this court, averring that the court erred in entering the decree without the notice to the counsel for plaintiff, prescribed by the rules regulating equity practice; in refusing permission to plaintiff to withdraw his bill; and in not sustaining the exceptions filed against the entry of the decree.

The case was argued in this court by *A. H. Coffroth* for appellant, and by *Baer Brothers* for appellee.

The opinion of the court was delivered, June 5th 1861, by

STRONG, J.—That the evidence introduced on the trial of the issue sent to the jury was not certified, is no sufficient reason why the court should not have entered a decree. The facts found, to wit, that the deed and the agreement mentioned in the complainant's bill were not fraudulently obtained, were certified. It is true that the evidence is usually certified along with the verdict. This is done that the chancellor may know whether the verdict accords with the weight of the evidence, and that he may determine whether he ought to disregard the finding or send the issue to another jury. But where, as is generally the case in this state, the issue is tried before the same judge, who sits as chancellor, this reason for certifying the evidence does not exist. It is no valid objection therefore to the decree in this case, that the

3 WR.—32

[Saylor's Appeal.]

evidence was not returned with the verdict to the equity side of the court.

Nor is there any merit in the objection that the court refused to permit the complainant to withdraw his bill when the motion for a final decree was made. In a court of law the plaintiff may suffer a nonsuit at any time during the trial until the jury are ready to give in their verdict, and even then he might, were it not for our Act of Assembly. This is often a great hardship upon defendants. So it is the general rule in a court of chancery that a complainant may move to dismiss his own bill with costs, at any time before the decree, and it is a matter of course to permit him to dismiss it : Cummings v. Bennett, 8 Paige 79 ; 4 Milne & Craig 194, Curtis v. Lloyd ; and even upon the hearing of the cause, if the court has merely directed an issue, the plaintiff may, before the trial of the issue, obtain an order to dismiss the bill with costs, because the directing of an issue is only to satisfy the conscience of the court preparatory to its giving judgment. But the rule is not so after the issue has been tried and determined for the defendant. The plaintiff cannot then move to dismiss, because the defendant is then entitled to have the cause set down for a hearing in order to obtain a formal dismissal of the bill so as to enrol it as a final judgment, and thereby make it pleadable : 2 Daniel's Chan. Prac. 930 ; Carrington v. Holly, 1 Dickens 280. Such was the condition of the present case when the appellant moved to withdraw his bill. Not only had an answer been put in, but issues had been sent to a jury and verdicts had been returned in favour of the defendants, negativing all the important averments of the complainant's bill. With these verdicts the court sitting in equity was not dissatisfied. It was only when about to pronounce a final decree that the motion was made to withdraw the bill. It was then too late. The authorities cited show that the motion could not then be allowed.

The other objections to the decree are but calling in question the justice of entering a final decree, the effect of which may be to prevent the complainants having the same question tried again in another tribunal. We do not perceive the injustice of such a course. There must be an end of controversy, and a plaintiff who has had a full opportunity to present his case in a tribunal competent to adjudicate upon it, and who has failed to establish a right, ought not to complain if judgment be given against him.

The decree of the Court of Common Pleas is

Affirmed.