OCTOBER AND NOVEMBER TERM, 1881, No. 189.

## Leonard *versus* Fuller.

An affidavit of claim set forth a bond, executed by one defendant as principal and the other as surety, to indemnify plaintiff against certain claims of a third person, the bond reciting that the liability of the plaintiff for these claims, by reason of acts done by the principal, was the basis of an equity suit brought before the date of the bond by the plaintiff against the principal. It further set forth that, in order to save his property from sale on execution issued upon a judgment obtained on one of these claims, plaintiff was obliged to pay the

judgment; that a final decree had been obtained in the equity proceedings against the principal, in which proceedings the surety had notice and intervened; that the decree was based on the claim upon which judgment had been obtained, and against which the bond was intended to secure plaintiff; and that an execution upon the decree had been returned *nulla bona*.

The affidavit of defence of the surety denied that any breach of the condition of the bond appeared in the affidavit of claim, or in the record of the equity proceedings, and affirmed that the legal effect of the decree was only to fix the indebtedness of the principal. It averred that the acts of the principal before the filing of the bill were not within the personal knowledge of the affiant, but that she was informed, believed, and expected to be able to prove that no liability devolved upon plaintiff by reason of any act done by the principal. It denied that the acts specified in the bill, and referred to in the bond, were done by the principal, and denied that the sum decreed was the claim against which the bond was intended to secure plaintiff.

*Held*, that the affidavit of defence was insufficient.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny County.*

Debt by Sidney Fuller against Robert M. Leonard and Mary A. Leonard to recover the penalty in a bond.

In the Court below plaintiff filed an affidavit of claim setting forth that the defendants were indebted to him in the sum of fifty-four hundred dollars upon a bond for that amount, executed September 22d, 1877, reciting a bill in equity, October Term, 1877, No. 424, the condition of which bond was as follows:

"Whereas, the said Sidney Fuller has filed his said bill in equity against the said Robert M. Leonard, at the above number and term of the said Court of Common Pleas, alleging a certain liability and indebtedness from him, the said Sidney Fuller, to one John Dubois, and to a certain firm known as J. B. Shaffer & Co., by reason of certain acts heretofore done by the said Robert M. Leonard (as alleged by the said Fuller) under an alleged partnership between the said Sidney Fuller and Robert M. Leonard, as fully set forth in said bill. Now, if the said Robert M. Leonard shall now, and at all times, indemnify and save harmless the said Sidney Fuller against the payment of all moneys and costs of collection recoverable by law to the said John Dubois and J. B. Shaffer & Co., by reason of any act or thing heretofore done by the said Robert M. Leonard, as charged in the said bill of complaint, then this obligation to be void, or else to be and remain in full force and virtue."

The affidavit further set forth that suit was brought by Dubois upon his claim against the affiant and R. M. Leonard as late partners; that he recovered judgment thereon for $6005.99 and costs; that he issued a *fi. fa* on the judgment, and levied upon a large quantity of lumber, the property of the affiant, whereupon, in order to prevent sale, the affiant was compelled to pay Dubois $6021; that affiant obtained a

final decree in the equity proceeding, No. 424, October Term, 1879, against Robert M. Leonard for the payment of about $6000, in which proceedings, after due notice, Mary A. Leonard intervened ; "that said decree was based upon the claim of John Dubois aforesaid, and that the sum so decreed was, and is, the claim of John Dubois against which it was intended to secure affiant by the bond aforesaid ;" and that execution on this decree against R. M. Leonard has been returned *nulla bona*.

The defendant, Mary A. Leonard, filed an affidavit of defence setting forth.

"That the bond sued on was executed by her for the accommodation of the said Robert M. Leonard, and was without consideration as to deponent ; she denies that any breach of the condition of said bond appears in the said plaintiffs' affidavit of claim, and denies also that in the record at No. 424, October Term, 1877, any breach of the condition of said bond appears, or was attempted to be proved ; and this deponent is advised and believes that the legal effect of the said decree at No. 424, October Term, 1877, was only to fix the indebtedness of the said Robert M. Leonard to the said plaintiff, and not to charge this deponent upon the said bond. And deponent further says that the acts and things done by the said Robert M. Leonard before the filing of said bill are not within her personal knowledge, but she is informed and believes and expects to be able to prove that no liability was devolved upon the said Sidney Fuller by reason of any act or thing done by the said Robert M. Leonard as alleged in said bill.

"And the deponent denies that the acts and things specified in said bill, and referred to in said bond, were done by the said Robert M. Leonard.

"And deponent further says that in the year 1879 she paid on account of the debt mentioned in said bond, the sum of $232, with interest and costs, amounting to, at least, the sum of $272, which payment in any case should be credited upon the debt mentioned in said bond.

"And this deponent denies that the sum decreed against the said Robert M. Leonard, as alleged by the said plaintiff, is or was the claim against which it was intended by said bond to secure the said Sidney Fuller."

Plaintiff took a rule for judgment for want of a sufficient affidavit of defence, whereupon the Court, June 8th, 1881, made the rule absolute except as to the sum of $272, allowed by plaintiff, and entered judgment for $5400, to be released on payment of $5128.

[Leonard *v.* Fuller.]

Mary A. Leonard took a writ of error, assigning as error the entry of the judgment.

*George Shiras, Jr.*, and *C. C. Dickey* for plaintiff in error.

Mary A. Leonard was a surety. The "acts and things" done by Robert M. Leonard being the whole basis of the claim, a denial of knowledge, with the allegation that she was informed, believed, and expected to be able to prove that no liability devolved upon plaintiff was sufficient to prevent judgment: Hogg *v.* Orgill, 10 Casey, 344.

If an affidavit avers an expectation of ability to prove the allegation, the presumption is it can be proved: Reznor *v.* Supplee, 31 P. F. Smith, 180; Moeck *v.* Littell, 1 Norris, 354; Black *v.* Halstead, 3 Wr., 64.

It was denied that the acts and things specified in the bill were done by R. M. Leonard. An affidavit may be brief if it contain the elements of a good defence: Selden *v.* Neemes, 7 Wr., 421; Twitchell *v.* McMurtrie, 27 P. F. Smith, 383.

It was denied that the sum decreed was the claim against which the bond was intended to secure plaintiff: Hunter *v.* Reilly, 12 Casey, 509; Purves *v.* Corfield, 1 Phila., 174; Feust *v.* Fell, 6 W. N. C., 43.

*J. S. Ferguson* and *J. C. Dicken* for defendants in error.

Where a person has become surety for a plaintiff in a suit in equity by signing an injunction bond, he has voluntarily assumed such a connection with that suit as to be concluded by the decree therein, and will be prohibited from contesting the matters therein decided in a subsequent action at law upon the bond: Towle *v.* Towle, 46 N. H., 432; Huzzard *v.* Nagle, 40 Penna. State, 178; Evans *v.* Com., 8 Watts, 398; Eagles *v.* Kern, 5 Wh., 144; Masser *v.* Strickland, 17 S. & R., 354.

The opinion of the Court was delivered November 7, 1881, by GORDON, J.

The affidavit of defence, in this case, is wholly defective; it answers nothing which is set forth in the plaintiff's affidavit of claim, and raises no question but one which is at once determined adversely to the affidavit by an inspection of that paper.

The claim sets forth the bond executed by Robert M. Leonard and the defendant to indemnify the plaintiff against the claims of John Dubois and Shaffer & Company. It further alleges that, in order to save the property of the firm of Fuller & Leonard from sale on execution, issued on

[Leonard *v.* Fuller.]

a judgment recovered against said firm by Dubois, he, the plaintiff, was obliged to pay that judgment, and that a final decree was made in his favor, and against Robert M. Leonard, for the payment of six thousand dollars, in proceedings in equity then pending, of which the defendant had notice, and in which she intervened. The affidavit of defence denies nothing of all this, but affirms that no breach of the condition of the bond appears in the plaintiff's affidavit of claim; that the decree in equity only fixed the indebtedness of Robert M. Leonard to the plaintiff, but did not charge the affiant on the said bond, and finally that she believes and expects to be able to prove, that no liability devolved upon the said Fuller by reason of any act or thing done by the said Robert M. Leonard as alleged in said bill.

But as the affidavit of claim sets forth that Dubois did obtain judgment against both Fuller and Leonard, on the claim recited in the bond, which judgment Fuller was obliged to pay, certainly a breach of the bond does appear.

As to the second paragraph of the affidavit, it may be admitted that the decree only fixed the indebtedness of Robert M. Leonard to the plaintiffs and "did not charge the defendant on the bond," yet this admission comes to nothing, for the inquiry, in this case, is not as to the character of the decree but the breach of the bond, neither was it to be expected that she should be charged, on account of a breach of the bond, under a bill between the plaintiff and her brother. As to the last paragraph of her affidavit, there is but the allegation that no liability devolved upon Fuller by reason of any act or thing done by Robert M. Leonard as alleged in the bill.

This is entirely too general; no particulars are given; the allegations of the bill are not set forth and denied, and it would be to no purpose if they were, for she could not, in the present case, have a retrial of what was finally settled by the decree in equity.

　　　　　　　　　　　　　　Judgment affirmed.