## I. K. FLISHER v. GEORGE ALLEN, JR.

| 141 | 525 |
| 21 SC | 539 |
| 141 | 525 |
| 26 SC | 436 |

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued March 27, 1891—Decided April 13, 1891.

A rule of court providing that bills of costs for the attendance of witnesses, at terms when a cause is continued or tried, must be filed and a copy thereof served on the opposite party within four days after the continuance or trial, otherwise they will not be allowed, is neither unlawful nor unreasonable.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 149 January Term 1891, Sup. Ct.; court below, No. 208 March Term 1888, C. P. No. 4.

On March 3, 1888, Isaac K. Flisher brought trespass against George Allen, Jr. Issue. At the trial, on October 21, 1889, the jury returned a verdict for the plaintiff for $250. On October 25th, each party filed a motion for a new trial, and on October 31st, the plaintiff's bill of costs was filed, amounting to $215.49. This bill embraced costs of witnesses in attendance October 15–19, 1888, March 26–29, 1889, and at other dates thereafter.

On March 8, 1889, the courts of Common Pleas of Philadelphia county had adopted the following rule:

"Rule XVI. (44½). Bills of costs for attendance of witnesses, at terms when a cause is continued or tried, must be

Statement of Facts.

filed and a copy thereof served on the other party, within four days after the continuance or trial; and the other party may, within four days after the service of the bill, require the party who files it, to tax the same before the prothonotary on forty-eight hours notice. No bill of costs shall be allowed, unless it has been filed and a copy thereof served within the time fixed by this rule; nor shall any objection to any bill of costs be heard, unless the party who filed it shall have been required to tax it under this rule. Bills of costs shall contain the names of the witnesses, the dates of their attendance, and the places from which mileage is claimed. They shall be verified by the affidavit of the party filing them, that the witnesses were actually present in court on the days stated, and that, in his opinion, they were material witnesses."

On December 7, 1889, pending the rules for a new trial, on affidavit of plaintiff's attorney setting out that, because the said rule of court as to the taxation of witnesses' costs had not been called to the affiant's attention, the plaintiff's bill had not been filed in the time required, and that the plaintiff had already paid the amount charged for to the several witnesses, a rule was granted to show cause why the plaintiff's bill should not be marked, filed nunc pro tunc. On March 14, 1890, the defendant's rule for a new trial was withdrawn, and on March 15th, the plaintiff's rules for a new trial and as to his bill of costs were discharged.

On November 4, 1890, the prothonotary having taxed and allowed the plaintiff's bill of costs for witnesses at $48.66, for attendance prior to March 8, 1889, the plaintiff appealed therefrom, assigning as reasons, that the constant practice prior to March 8, 1889, was to file bills of costs after judgment was entered; that the rule adopted on that date had been published by but one insertion in the Legal Intelligencer, and did not reach his attention; that the continuance of the case at March Term 1889, was at the instance of the defendant:

"4. That, under the laws in force in the state of Pennsylvania, the costs in a suit at law follow the judgment; the liability of the defendant to pay the costs, in the present case, to the plaintiff, by reason of the judgment, related back to the date of the commencement of the suit; and no rule of the court can, under the constitution of the state of Pennsylvania and the

laws thereof, deprive the plaintiff of the right to recover the same, unless such right shall be barred by the statute of limitations."

On November 6, 1890, the defendant paid the jury fee and the other record costs as taxed, and judgment was entered against him on the verdict; and on November 15th, the appeal from the prothonotary's taxation of plaintiff's bill was dismissed, when the plaintiff took this appeal, specifying that the court erred:

1. In discharging the rule to mark plaintiff's bill of costs, filed nunc pro tunc.

2. In dismissing the plaintiff's appeal from the taxation of costs by the prothonotary.

8. In not holding that the rule of court, adopted March 8, 1889, is contrary to law.

*Mr. B. F. Fisher* (with him *Mr. D. H. Stone*), for the appellant.

Counsel cited: Sterling v. Ritchey, 17 S. & R. 263; Magill's App., 59 Pa. 430; Lance v. Bonnell, 105 Pa. 46; Steele v. Lineberger, 72 Pa. 240; Penna. R. Co. v. Keiffer, 22 Pa. 356; § 21, act of June 16, 1836, P. L. 792; Boas v. Nagle, 3 S. & R. 250; Vanormer v. Ford, 98 Pa. 177; Reist v. Heilbrenner, 11 S. & R. 131; Snyder v. Bauchman, 8 S. & R. 335.

*Mr. George Junkin*, for the defendant.

Counsel cited: Section 6, act of March 11, 1836, P. L. 77; § 21, act of June 16, 1836, P. L. 792; Vanatta v. Anderson, 3 Binn. 417; Russell v. Archer, 76 Pa. 473; Barry v. Randolph, 3 Binn. 277.

PER CURIAM:

The eighth assignment of error is aimed at the rule of the court below, adopted March 8, 1889. It alleges that said rule is contrary to law. It may be conceded that if it denies the plaintiff's right to costs, it is not only unreasonable, but unlawful. We fail to see, however, that it denies such right. It is a rule of practice merely, and was evidently intended to prescribe the mode of ascertaining the amount of the costs due the successful party. The power of the Court of Common Pleas

Opinion of the Court.

to adopt rules of practice, is too well settled to be now questioned. The only limitation of the power is that they must not be contrary to law, nor unreasonable. The rule in question refers only to the fees of witnesses, and provides that, when a cause is continued or tried, the bill of costs for attendance of witnesses must be filed and served upon the opposite party within four days, etc. The obvious purpose of this is to prevent imposition upon the losing party, by the filing of large bills of costs for witnesses who may have left the jurisdiction or be difficult to find. The fact that the rule was adopted by the twelve judges composing the courts of Common Pleas of Philadelphia, and has now been in force for two years with but a single complaint against it, would indicate the necessity for the rule and that its working has been reasonably satisfactory. It is true a party may lose his costs by a neglect to comply with it. In such case, however, it is his own fault. In like manner, a man may lose his right to a trial by jury by not filing an affidavit of defence; a duly qualified elector may lose his right to vote by not making the necessary proof of such right when it is challenged. In these and many other instances which might be stated, there is no denial of the right, but a regulation of its exercise.

The allegation that the rule is unreasonable, because, upon a continuance of a cause, it compels the parties to disclose the names of their witnesses, possesses little merit. Such disclosure furnishes no indication of the character of their testimony, and we cannot assume that it would lead to their being tampered with. A party who is so void of principle as to engage in such disreputable business is very likely to ascertain the names of the witnesses for the opposite party without the aid of this rule.

Judgment affirmed.