## Alcorn v. Ward Co., Appellant.

*Equity—Equity practice—Withdrawal of bill—Payment of costs —Effect of discontinuance of suit—Subsequent action at law.*

1. It is a general rule in a court of chancery that a complainant may move to dismiss his own bill with costs, at any time before the decree, and it is a matter of course to permit him to dismiss it. When the bill has been dismissed and the costs paid, the suit is terminated, and no further proceedings may be had therein.

2. Where in a suit in equity for an accounting the bill has been withdrawn by leave of court and the costs have been paid by plaintiff to defendant and thereafter plaintiff brings an action at law

on the same cause of action, the defendant has no standing to maintain a petition entitled in the former equity suit for an order enjoining the plaintiff from proceeding in his action at law, and such petition was properly dismissed.

Argued April 1, 1918.   Appeal, No. 74, Jan. T., 1918, by defendant, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 3892, refusing an injunction in case of Samuel S. Alcorn v. D. L. Ward Company.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Bill in equity for an accounting.
Motion by defendant for an order to restrain plaintiff from proceeding at law.   Before Patterson, J.
The opinion of the Supreme Court states the facts.
The court refused the motion.   Defendant appealed.

*Error assigned* was the order of the court.

*S. Heckscher,* of *Duane, Morris & Heckscher,* with him *Alfred Aarons,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

Opinion by Mr. Chief Justice Brown, July 17, 1918:
On February 1, 1917, Samuel S. Alcorn, the appellee, filed a bill in equity in the court below for an accounting by the defendant on a contract of employment.   A demurrer to the bill was overruled and an answer filed. When the case was called for hearing on September 28th of the same year, the plaintiff withdrew his bill and subsequently paid the costs.   In the following November he brought an action at law on the same contract, and on January 30, 1918—some four months after the bill had been withdrawn—the appellant filed a petition in the equity proceeding, asking for an order enjoining the plaintiff from proceeding in his action at law.   This petition was denied, on the ground that the equity pro-

ceeding was no longer pending, as the bill "had been withdrawn upon motion and with permission before the taking of testimony before the court."

If the equity proceeding was at an end at the time appellant's petition was filed, the court could make no order in it, and appellant's remedy, if entitled to the restraining order asked for, was by a bill filed by it against the appellee. That the equity proceeding had been fully ended is not open to question by the appellant. The bill was withdrawn by leave of court, and this was a dismissal of it by the court's permission. "In a court of law the plaintiff may suffer a nonsuit at any time during the trial until the jury are ready to give in their verdict, and even then he might, were it not for our act of assembly. This is often a great hardship upon defendants. So it is the general rule in a court of chancery that a complainant may move to dismiss his own bill with costs, at any time before the decree, and it is a matter of course to permit him to dismiss it: Cummings v. Bennett, 8 Paige 79; 4 Milne & Craig 194, Curtis v. Lloyd, and even upon the hearing of the cause, if the court has merely directed an issue, the plaintiff may, before the trial of the issue, obtain an order to dismiss the bill with costs, because the directing of an issue is only to satisfy the conscience of the court preparatory to its giving judgment": Saylor's App., 39 Pa. 495.

In the present case the appellee had offered no testimony at the time he withdrew his bill. When the case was called for hearing he abandoned it, and, the appellant having presented to him its bill of costs and received payment of the same—not due until the cause had finally ended—is not now to be heard that the proceeding is still pending and an order can be made in it. This being so, it is unnecessary to determine whether the action of the court below in denying appellant's petition was interlocutory or final. Whatever it was, the appellant has no standing to complain of it.

Appeal dismissed at appellant's costs.