## Plauschinat *v.* Shapiro, Appellant.

*Equity—Specific performance—Sale of business and good will—Jurisdiction.*

A bill in equity for the specific performance of an alleged contract to convey a business, and to refrain from engaging in the same business for five years within a certain district, will not be sustained where it appears that the agreement sued on was a receipt for a portion of the purchase money containing a provision that "the contract to purchase to be evidenced by a written agreement to be executed by myself with the said" plaintiff, naming him, and where there is nothing to show that defendant's business was the only one which might be bought, which would answer plaintiff's purpose.

The effect of the receipt was to leave uncertain what the parties would ultimately agree upon and showed that the agreement alleged was not complete in itself, but was a mere aim looking to the future adjustment of details, such as were held incapable of specific performance in Wistar's Appeal, 80 Pa. 484.

The ground for equitable jurisdiction in such a case is some peculiar attribute of the property to be conveyed, making it practically impossible to replace in the open market.

Argued Nov. 13, 1918. Appeal, No. 233, Oct. T., 1918, by defendant, from decree of C. P. No. 1, Philadelphia Co., March T., 1918, No. 785, dismissing bill in equity in

case of Adolph Plauschinat v. Philip Shapiro, individually and trading as Empire Cleaning & Dyeing Co.  Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Bill in equity for specific performance.  Before SHOEMAKER, J.

From the record it appeared that the court sustained a demurrer to the bill. and transferred the case to the law side of the court.

*Error assigned* was the decree of the court.

*Irwin L. Sessler,* for appellant.—If there exists any uncertainty in any calculation of damages or where the measure of damage is purely conjectural, equity will entertain the case, because the remedy at law is inadequate and insufficient: McKean v. Brown, 3 Kulp 266; Palmer v. Graham, 1 Pars. 476; Wilkinson v. Colley, 164 Pa. 35; Hepworth v. Henshall, 153 Pa. 592; Fame Insurance Co.'s App., 83 Pa. 396; Baum's App., 113 Pa. 58; Dietrich v. Tyson, 4 Philadelphia 352; Sank v. Union Steamship Co., 5 Philadelphia 499; Goodwin Gas Stove & Meter Co. App., 117 Pa. 514; Norristown Traction Co. v. Slingluff, 7 Montg. Co. 83; Sunbury & Erie Railroad Co. v. Cooper, 33 Pa. 278; Rose v. Barclay, 191 Pa. 594.

*R. P. Shick,* for appellee, filed no printed brief.

OPINION BY WILLIAMS, J., January 3, 1919:

Plaintiff asked for specific performance of an alleged contract to convey a business and good will, and to refrain from engaging in the same business for five years within a certain district.

The price was to be $1,500, and plaintiff paid $100 on account.  The agreement sued on is a receipt for the amount paid and contains, inter alia, the following pro-

vision: "The contract of purchase to be evidenced by a written agreement to be executed by myself, with the said Adolph Plauschinat." The effect of this was to leave uncertain what the parties would ultimately agree upon, and shows the agreement alleged was not complete in itself, but was a mere aim looking to the future adjustment of details, such as was held incapable of specific performance in Wistar's App., 80 Pa. 484.

It does not appear that defendant's business is the only one which might be bought which would answer plaintiff's purpose. The ground for equitable jurisdiction is some peculiar attribute of the property to be conveyed making it practically impossible to replace in the open market: Northern Cent. Ry. Co. v. Walworth et al., 193 Pa. 207.

We do not think this case presents such exceptional features as would warrant specific performance.

The appeal is dismissed, appellant to pay costs.