# Beaver, Appellant, *v.* Slane.

*Equity—Discontinuance of suit—Discretion of court—Objection in limine—Waiver — Specific performance — Contract of employment—Partnership—Act of June 7, 1907.*

1. A litigant has no absolute right to discontinue an action, without the sanction of the court, either on common law principles or by force of any statute; and this is so also in equity.

2. The allowance is within the reasonable discretion of the chancellor, and will not ordinarily be granted where the testimony has been taken at large expense, and the suit has proceeded to the point of the making of findings, though no final decree has been entered.

3. Where, on a bill in equity for specific performance, the case has proceeded so far that the court has filed findings of fact and law against plaintiff, a refusal of a request of the plaintiff to discontinue the case is not error; and if the court proceeds and enters a final decree, dismissing the bill, the decree will not be reversed, because of the refusal of plaintiff's request.

4. The Act of June 7, 1907, P. L. 440, which provides that a failure to object in limine on the ground of adequacy of legal remedy shall be deemed a waiver of the right to raise such a contention, applies to the complainant as well as the defendant on a suit in equity.

5. If, in such case, defendant cannot raise the objection to the jurisdiction, much less can plaintiff be permitted to withdraw, when the rulings are adverse to his contention.

*Partnership—Contract—Evidence—Burden of proof—Equity.*

6. Where a complainant in equity asks that property be declared partnership assets, the burden is on him to prove the agreement of partnership upon which he bases his prayer for relief.

7. A mere intention to form a partnership, in the future, does not create the relationship.

8. A court of equity will not enforce a contract unless it is complete and certain in all its essential elements.

*Equity—Findings of fact—Appeal.*

9. Findings of fact by a chancellor upon conflicting evidence are entitled to the same weight as the verdict of a jury, and will not be set aside on appeal, except for manifest error.

Argued May 16, 1921. Appeal, No. 189, Jan. T., 1921, by plaintiff, from decree of C. P. York Co., April T., 1918, No. 2, dismissing bill in equity, in case of Anson T. Beaver v. Oscar W. Slane. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for specific performance. Before Ross, J.

The opinion of the Supreme Court states the facts.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned,* among others, were (27) refusal of plaintiff's request to withdraw, quoting the record, and (28) decree dismissing bill, quoting it.

*Henry C. Niles,* of *Niles & Neff,* for appellants.— Plaintiff had a right to withdraw: Chambersburg Woolen Co. v. Hager, 66 Pa. Superior Ct. 63; Haviland v. Fidelity T. & S. Dep. Co., 108 Pa. 236.

In a court of chancery, a complainant may move to dismiss his own bill with costs at any time before the decree, and it is a matter of course to permit him to dis-

miss it: Alcorn v. Ward Co., 262 Pa. 136; Consolidated National Bank v. McManus, 217 Pa. 190; Kreider v. Mehaffy, 10 Pa. C. C. R. 412.

Where the redress practically required is the specific performance of an act or delivery of a thing, equity will make appropriate decree: Ralston v. Ihmsen, 204 Pa. 588; Vail v. Osburn, 174 Pa. 580.

*W. F. Bay Stewart,* with him *Frederick B. Gerber,* for appellee.—Refusal to permit the withdrawal of the bill, was proper: Act of June 7, 1907, P. L. 440; Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; Saylor's App., 39 Pa. 495; Anthracite Lumber Co. v. Lucas, 249 Pa. 517.

The burden of proof was on plaintiff to establish the alleged contract set up by him in his bill: Irwin v. Bidwell, 72 Pa. 244; Martin v. Baird, 175 Pa. 540.

OPINION BY MR. JUSTICE SADLER, July 1, 1921:

The defendant was the owner of a manufacturing business in the City of York. He engaged the plaintiff as sales manager, and a dispute as to the terms of the employment led to this litigation. Beaver claimed a promise of compensation by the payment to him of a monthly salary, and a one-third interest in the business, to be transferred upon the reimbursement of Slane for certain advances and other charges, which sums have now been returned. The defendant denied the existence of such an understanding, whereupon this bill was filed asking for specific performance of the alleged contract, as well as for the appointment of a receiver and an accounting. After the overruling of a demurrer,—which did not raise the question of the adequacy of the legal remedy of the complainant,—an answer was filed. Subsequently, a hearing was had, and findings of fact and law made. It was concluded therein that no agreement, which could be specifically enforced, had been established by the evidence, that the bill should, therefore, be dismissed, and the parties left to their redress at law. The plaintiff

then sought to withdraw his complaint, which was refused; while the defendant insisted that it be proceeded with to final judgment, as no objection to the jurisdiction had been made, a course which was ultimately adopted by the court below. Later, a decree was entered, dismissing the bill on the merits.

It is now urged on appeal that error was committed in making a final disposition of the case, in view of the proposed withdrawal of the proceeding by complainant. A litigant has no absolute right to discontinue an action, without the sanction of the court, either on common law principles or by force of any statute (Lamb v. Greenhouse, 59 Pa. Superior Ct. 329; National Bank v. McManus, 217 Pa. 190), and this is so in equity, as well as at law: Saylor's App., 39 Pa. 495. It is true that such course will usually be permitted on motion (Alcorn v. Ward, 262 Pa. 136), but the allowance is within the reasonable discretion of the chancellor, and will not ordinarily be granted where the testimony has been taken at large expense, and the suit has proceeded to the point of the making of findings, though no final decree has been entered: Harrington v. Florence Oil Co., 178 Pa. 444; Searight v. Carlisle Deposit Bank, 162 Pa. 504; Drake v. Lacoe, 157 Pa. 17; Saylor's App., supra. Such was the rule in this State prior to the Act of June 7, 1907, P. L. 440, which now expressly provides that a failure to object in limine, on the ground of the adequacy of the legal remedy, shall be deemed a waiver of the right to raise such contention: Section 1; City Ice Co. v. Ice Co., 267 Pa. 500. Unless the defendant proceeds by demurrer or answer, as directed, he cannot take advantage of the fact that the action should have been brought at law; there is even more reason to hold the plaintiff has waived any complaint on this ground when he voluntarily chose the tribunal in which to be heard. If the question is not preliminarily raised, the court is expressly directed to proceed to a final determination of the cause. Clearly, the defendant could not wait until the findings were

made before challenging the jurisdiction of the court, nor should the other party be permitted to withdraw for this reason, when the rulings are adverse to his contention. The refusal to permit the bill to be withdrawn was proper, under the circumstances, and the assignments of error directed to the action taken are overruled.

The correctness of the conclusion reached below on the merits must depend upon the findings of fact made by the chancellor. These are based upon conflicting evidence, and are entitled to the same weight as the verdict of a jury, and will not be set aside on appeal except for manifest error: Cruzan v. Cruzan, 243 Pa. 165; Scranton v. Scranton Coal Co., 256 Pa. 322; MacDougall v. Citizens National Bank, 265 Pa. 170. Of course, if facts are found without evidence, or there has been a failure to make findings as to material matters, when they are justified by the testimony, the appellate court will make the necessary corrections,—but this is done only where there is plain mistake: McConville v. Ingham, 268 Pa. 507.

Plaintiff claimed to have made a contract of employment by which he was to receive, in addition to $100 per month, a one-third interest in the business and property of defendant, when certain conditions as to repayment of invested moneys had been complied with. He asked that the property, including real estate used in the business, be declared partnership assets, and that he be decreed the owner of a proportionate share. The burden was upon him to prove the agreement upon which he based his prayer for relief. There was a failure to establish any such contract, though conflict appears in the testimony; the most that can be said is that the parties contemplated the formation of some partnership in the future, but the mere intention to so proceed, does not create the relationship: Martin v. Baird, 175 Pa. 540; Irwin v. Bidwell, 72 Pa. 244. It was expressly found that the agreement as set up in the bill was not made.

If, as concluded by the court, there was no evidence which would justify the finding of a contract, or the terms of any fixed understanding, then the prayer for specific performance could not be granted, though it did appear that the parties had in mind a readjustment of their financial arrangements. "A court of equity will not enforce a contract unless it is complete and certain in all its essential elements. The parties themselves must agree upon the material and necessary details of the bargain, and if any of these be omitted, or left obscure or indefinite, so as to leave the intention of the parties uncertain respecting the substantial terms of the contract, the case is not one for specific performance": Zimmerman v. Rhoads, 226 Pa. 174, 177; Plauschinat v. Shapiro, 70 Pa. Superior Ct. 606; Wistar's App., 80 Pa. 484.

An examination of the record shows the findings of fact are justified by the evidence, and the legal conclusions, based thereon, are without error. The assignments of error are, therefore, overruled.

The decree of the court below is affirmed at the cost of appellant.