## Hay, to use, *v.* Hillegass et al., Appellants.

*Res judicata—Cause of action—Parties—Equity jurisdiction—Remedy at law—Assignment of debt—Interest in collateral obligation.*

1. Where the court has jurisdiction of the cause of action, the subject-matter and the parties, the judgments and decrees entered are conclusive of all relevant matters which were, or could have been, raised.

2. If the adequacy of the remedy at law was deemed sufficient to oust the equity jurisdiction in the former proceeding, the question should have been disposed of preliminarily under the Act of June 7, 1907, P. L. 440; if not so raised, the matters passed upon in the prior suit, are res judicata.

3. The assignment of an original debt will carry with it the interest in a collateral obligation.

*Principal and surety—Discharge—Estoppel.*

4. Where sureties at their own solicitation and to aid their principal enter into an agreement in writing by which they are placed in a worse position, they cannot thereafter assert that they had been discharged by such transaction.

Argued October 5, 1922. Appeal, No. 149, Oct. T., 1922, by defendants, from order of C. P. Somerset Co., May T., 1921, No. 32, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Valentine Hay, to use of Bertha Rohm, administratrix of M. J. Rohm, deceased, v. A. J. Hillegass et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defense.   Before Berkey, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute.   Defendants appealed.

*Error assigned* was order, quoting it.

*C. J. McCullough,* with him *L. C. Colborn,* for appellant.

*Chas. H. Ealy,* of *Uhl & Ealy,* with him *Sterling, Higbee & Matthews,* for appellee.

Opinion by Mr. Justice Sadler, January 3, 1923:

Valentine Hay was the plaintiff in a judgment, payable in installments, entered against the Berlin Smokeless Coal & Coke Co., and received from Hillegass and Miller, who were largely interested in the company, a collateral note in like amount, which was also made a matter of record.   An execution was issued on the principal obligation, a part being overdue, and, at the request of the sureties, Rohm advanced the necessary funds to satisfy the sheriff, and to him there was assigned a proportionate part of both judgments, subject to the right of priority in payment of the balance remaining due to Hay.   This advance was made as part performance of a contract to lease coal lands from the defendant company (Rohm being one of the lessees), in which it was stipulated the royalties should be applied in satisfaction of the sums furnished.   Later, this agreement was repudiated by Rohm on the ground of fraud, and the return of the money paid was demanded.

The company's property was subsequently sold on execution, and sufficient was realized to satisfy the portion of the judgment held by Hay, but not that assigned, which was subject to a reservation of priority in distribution.   Rohm's administratrix issued a fi. fa. on the collateral judgment in 1918; whereupon, the defendants

asked to have it opened, and the rule granted was later discharged without prejudice; At the suggestion of the court, a bill in equity was filed by the coal company and Hillegass and Miller against the execution plaintiff, asking that the judgment be declared paid and satisfied, in view of the obligations assumed by Rohm in his lease. Practically the same contentions now raised were passed upon in that proceeding, the court then finding the contract, including the stipulations for repayment from royalties of moneys advanced, to be void and unenforceable. It therefore dismissed the bill, and, upon appeal, its decree was affirmed: Berlin Smokeless C. & C. Co. v. Rohm, 272 Pa. 24.

During the pendency of that proceeding, a scire facias was issued to revive the judgment against the defendants and their terre-tenants, and affidavits of defense, with supplements thereto, were filed. In main, the attempt was made to again present the matters which were considered, or might have been presented, under the pleadings in the first suit. On motion of the plaintiff, judgment was entered for want of a sufficient affidavit of defense; from this order the present appeal is taken, the appellant suggesting that seventeen questions are involved, raised by thirty-three assignments of error. Most of these could be dismissed without further comment as objectionable in form, but the general propositions suggested will be briefly considered.

It is first insisted that the equity decree cannot in any way affect the defense now interposed. Clearly, where the court has jurisdiction of the cause of action, the subject-matter and the parties, the judgments and decrees entered are conclusive of all relevant matters which were, or could have been, raised: First National Bank of Wrightsville v. Dissinger, 266 Pa. 349; McGunnegle v. P. & L. E. R. R., 269 Pa. 404; Leonard v. Fuller, 1 Penny. 387. Realizing the effect of the application of this rule, appellants argued that, in the former proceeding, the court was without jurisdiction, in that the action should

have been at law and not in equity, the latter course having been followed because of the suggestion of the trial court. This reason cannot avail. Had the order been deemed improper, an exception could then have been taken and a review had, thus preserving the rights of the parties.

The equity proceeding was instituted voluntarily, the coal company and Hillegass and Miller being parties plaintiff. The latter made an attempt to withdraw after decree entered, but this request was properly refused: Beaver v. Slane, 271 Pa. 317. If the adequacy of the remedy at law was deemed sufficient to oust the equity jurisdiction, the question should have been disposed of preliminarily: Act June 7, 1907, P. L. 440; City Ice Co. v. Easton M. Ice Co., 267 Pa. 500; Beaver v. Slane, supra. Hillegass and Miller are concluded as to all matters raised by the pleadings, whether actually the subject of testimony or not. The defenses now suggested were available under the original bill as filed (Berlin Smokeless Coal Co. v. Rohm, 272 Pa. 24), and the fact that the collateral judgment was not paid, actually or equitably, or discharged by acts of the plaintiff, was then determined. At that time an amendment,—asked after decree nisi entered, so as to expressly declare the assignment of the judgment illegal, and the sureties discharged, in view of the fact that part of the Hay judgment unpaid was given priority over the portion assigned to Rohm,—was denied, because unnecessary, and also because no excuse for failure to so request at an earlier date appeared.

Both matters are now insisted upon again in the affidavits of defense filed. Though the question is res judicata, it may be observed that the assignment of the judgment by the attorney was valid as to these defendants: Campbell's App., 29 Pa. 401. The assignor was the only one who could object: Ramsey's App., 2 Watts 228. Even if this were not true, the assignment of the original debt, as suggested by the learned court below,

would carry with it the interest in the collateral obligation: Cathcart's App., 13 Pa. 416; Foster v. Fox, 4 W. & S. 92; Hagemann's App., 88 Pa. 21; 5 C. J. 951.

Nor is there merit in the suggestion that the sureties were discharged because the portion of the judgment assigned to Rohm was deferred in payment to the part retained by Hay. Apparently this course was followed with the knowledge and consent of both, and to save the land of the principal debtor from sheriff's sale. This is recognized in the agreement of lease, which expressly provides for the advance of funds and the taking of an assignment of a part of the Hay judgment, and also for satisfaction of the interest of Rohm in the collateral judgment when paid by the application of royalties. Hillegass signed the contract and the acknowledgment was made by Miller. It is too late for them to complain of a step taken at their own solicitation, and to which they were parties: 32 Cyc. 161.

We can see no merit in any of the contentions raised, and the assignments of error are overruled.

The judgment is affirmed.