## American Engineering Company v. Ross et al.

*Elton J. Buckley*, for plaintiff; *J. Wesley McWilliams*, for defendants.

SMITH, P. J., March 30, 1932.—The plaintiff in this case has petitioned the court for leave to discontinue its suit. Plaintiff has filed a statement of claim and the defendants filed an affidavit of defense and new matter, and plaintiff filed a reply to said new matter.

Following the filing of the pleadings in this matter, the plaintiff entered three rules, (1) to strike off the affidavit of defense, (2) for judgment for want of a sufficient affidavit of defense, (3) for judgment for part of the claim as to which the affidavit is insufficient. Defendant also took a rule for judgment for want of a sufficient reply to new matter. The four rules remain undisposed of, and plaintiff has now taken the rule which is before us to show cause why the case should not be marked discontinued and ended of record.

To the latter rule the defendants replied that to grant the discontinuance would greatly prejudice their rights as to the new matter, that they have a distinct interest in the pleadings, and that to now sustain the petition to discontinue would deprive them of their rights thereunder, and particularly on the rule for judgment for want of a sufficient reply to new matter.

Upon an examination of the affidavit of defense as to new matter, it is shown that the defendants seek no money judgment, but simply deny that they are indebted to plaintiff in the sum of $14,558.83 and aver that the loss to plaintiff was occasioned by the action of the Philadelphia National Bank or the Kensington National Bank, plaintiff's banking depository; and is merely an elaboration of their defense.

The plaintiff has no absolute right to discontinue an action without the sanction of the court, either on common-law principles or by force of any statute. But such a course is usually permitted and is allowed within the

814

reasonable discretion of the court: Alcorn *v.* Ward Co., 262 Pa. 136, 138. An examination of the pleadings and the record does not disclose such equities as would move the court to disallow the motion.

Rule absolute upon payment of all costs.