**HUDDLESTON et al. v. DWYER et al.**

No. 2689.

Circuit Court of Appeals, Tenth Circuit.

July 26, 1943.

Rehearing Denied Sept. 1, 1943.

A. E. White and Alpheus Varner, both of Poteau, Okl., for appellants.

J. Fred Green, of Sallisaw, Okl., and Wm. L. Curtis, of Fort Smith, Ark. (R. S. Wilson, of Van Buren, Ark., and W. B. Wall, of Sallisaw, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The City of Poteau, in Le Flore County, Oklahoma, created two street improvement districts, levied an assessment against the property in each, and issued paving bonds. The county owned certain lots in one district and the aliquot share of the assessment was apportioned to them. The city owned certain lots in the other district, the aliquot share of the assessment was likewise apportioned to them, and thereafter the city conveyed them to the county. Certain owners of delinquent bonds instituted this action against the county, the members of the Board of County Commissioners, the members of the Excise Board of the county, the treasurer of the city, and the clerk of the city, seeking a judgment fixing the liability of the county on account of the respective assessments against the property then owned by it, and further seeking a writ of mandamus to compel the taking of the requisite administrative steps to make a tax levy for the purpose of raising the money with which to pay off and discharge such assessments. The trial court dismissed the action. We reversed, directing the court to determine the respective amounts due on the assessments against the lots, and in the event of default in making the necessary levy to provide the funds with which to pay the judgment to entertain jurisdiction in an ancillary proceeding in mandamus. Dwyer v. Le Flore County, 10 Cir., 97 F.2d 823. Thereafter the court entered such judgment. No provision having been made for the funds with which to pay it, plaintiffs filed in the cause their petition for an ancillary writ of mandamus to compel the making of a tax levy for that purpose; the court entered an order directing that the levy be made; and defendants appealed from the order.

The answer to the petition for the writ of mandamus contained a plea of

laches and it is urged that it should have been sustained. In a case of this kind, the remedy of mandamus in a United States court is purely ancillary. An action to adjudicate the existence of the right is a requisite step to the enforcement of that right by mandamus, and the writ will issue only after the right has ripened into judgment. Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859, 96 A.L.R. 937; Denver-Grecley Valley Irr. Dist. v. McNeil, 10 Cir., 106 F.2d 288; Dwyer v. Le Flore County, 10 Cir., supra. The action to determine the existence and amount of the assessments against the properties of the county was the primary action for the adjudication of the right; the judgment adjudicating the amount was the judgment in such action; no appeal was taken from it; and it has long since become final. The proceeding in mandamus was ancillary to the judgment in the nature of an execution to enforce payment of the judgment. Riggs v. Johnson County, 6 Wall. 166, 18 L.Ed. 768; County of Greene v. Daniel, 102 U.S. 187, 26 L.Ed. 99; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743.

■ The defense of laches was interposed in the primary action. No specific reference was made to it in the findings, conclusions, or judgment. But it was put directly in issue And the general judgment on the merits constituted an adjudication of it, even though not specifically mentioned in the judgment. Manhattan Trust Co. v. Trust Co. of North America, 8 Cir., 107 F. 328, certiorari denied, 181 U.S. 622, 21 S.Ct. 925, 45 L.Ed. 1032; Hermann v. Allen, 103 Tex. 382, 128 S.W. 115; Jamison v. Henderson, 81 Ark. 204, 71 S.W.2d 696; Barz v. Sawyer, 159 Iowa 481, 141 N.W. 319; Flint v. Kimbrough, 45 N.M. 342, 115 P.2d 84; Lowe v. Harmon, 167 Or. 128, 115 P.2d 297; Taylor v. Betts, Ariz., 124 P.2d 764; Hay v. Hillegass, 275 Pa. 497, 119 A. 588; Machen v. Budd Wheel Co., 294 Pa. 69, 143 A. 482.

■ The doctrine of res judicata is a principle of universal jurisprudence. It is a well-recognized branch of the legal system everywhere. In substance, it is that a final judgment of a court of competent jurisdiction upon a matter or issue properly before it concludes the parties in a subsequent action or proceeding. And when applicable in full vigor, it is inflexible and unyielding in its potency. Ingram v. Wesley, 169 Okl. 248, 36 P.2d 720. Laches having been tendered and adjudicated in the judgment in the primary action, res judicata applied and cut off the right to litigate the issue anew in the ancillary proceeding in mandamus.

■ The order is attacked on the further ground that there is no provision in the law of Oklahoma authorizing a county to levy and collect a tax during one fiscal year to pay an assessment which became due in a former year. In Independent School Dist. No. 39 v. Exchange Nat. Co., 164 Okl. 176, 23 P.2d 210, 212, 95 A.L.R. 685, the action was to recover a personal judgment against a school district and a city on delinquent paving assessments against lots belonging to the school district. It was held that a personal judgment could not be obtained against a municipal subdivision for a special assessment of that kind. But, even though the installments of the assessment had matured in previous years, the court said, "We do not hold that the plaintiff is wholly without remedy herein. * * * It has been heretofore suggested that the remedy of mandamus is available to plaintiff against the officers to require such annual levies to be made. As to whether or not the statutory penalties which have already accrued should be included in said ten annual installments and levied therefor by the excise board is a question not before this court at this time." That language leaves little room for doubt that the court entertained the view that the remedy in mandamus was then presently available to the beneficial owners of the assessment lien despite the fact that the installments had become due in earlier years. In First Nat. Bank in Wichita v. Board of Education, 174 Okl. 164, 49 P.2d 1077, 1078, the action was likewise to recover a money judgment against a board of education and a city for the amount of delinquent installments of a special assessment against lots owned by the board of education. The court again denied the right to a personal judgment in such a case. But, though the several installments of the assessment all became due in previous years, the court used this significant language, "and mandamus is not the only remedy available to holders of bonds of this nature." It was then held that the additional remedies were the issuance of refunding bonds and the levying of a new assessment. But the language quoted makes it crystal clear that in the opinion of the court the remedy in mandamus was then presently available to compel the taxing authorities to make a

special levy 'for payment of the installments of assessment which fell due in former years. True, it was said in the special concurring opinion in Board of Education v. Johnston, 189 Okl. 172, 115 P.2d 132, that there was no statute authorizing a school district to levy and collect a tax during one fiscal year to pay a special assessment which should have been paid during a prior fiscal year. But manifestly a majority of the court did not share the view that there was a lack of power to make such a levy as that would have been swiftly dispositive of the entire case; and, still, the decision was not rested on that ground. Instead, the court discussed other questions and concluded that the owners of the paving bonds had been guilty of laches and therefore were not entitled to the writ of mandamus. In the later case of Wilson v. City of Hollis, Okl.Sup., 142 P.2d 633, not yet reported in State Report, the court again failed even to indicate the absence of power to make an assessment for payment of installments of special paving assessments against property belonging to a Board of Education which matured in former years. Instead, following Board of Education v. Johnston, supra, it was held that the bondholders had been guilty of laches and hence were not entitled to the writ.

The order is affirmed.