Koppelman et al., Appellants, *v.* Jay et al.

Argued October 3, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Samuel H. Landy,* with him *Freedman, Landy & Lorry* and *Morris L. Rush,* for appellants.

*Lionel Teller Schlesinger,* for appellees.

OPINION BY ROSS, J., October 30, 1946:

This appeal deals wholly with equity practice under rules 48 and 49 of the Equity Rules and requires no reference to the facts or merits of the case.

To the appellants' bill of complaint, filed on January 12, 1946, the defendants on February 7 filed preliminary objections under rule 48 of the Equity Rules. No hearing or argument was held upon the preliminary objections but on March 25, by agreement between counsel for the parties, the following order was entered by the court below: "Preliminary Objections sustained and Bill dismissed by agreement." On May 3 the defendants presented a petition to the court below averring that the appellants in their bill of complaint maliciously inserted for the purpose of injuring the defendants certain "impertinent, irrelevant and scandalous matter", and asking that the court award the defendants a reasonable counsel fee for professional services rendered by their attorney in preparing the preliminary objections and other services in connection therewith. A rule was issued the same day and after an answer was filed denying, inter alia, that the appellants herein maliciously inserted in their bill any impertinent, irrelevant and scandalous matter for the purpose of injuring the defendants, the court below, after argument but without hearing, made the rule absolute and awarded a counsel fee of $150 to the defendants, and this appeal was taken.

Rule 48 provides: "On or before the date fixed for filing an answer on the merits, and thereafter by leave

of the court upon cause shown, the defendant may, by answer filed, accompanied by an affidavit that it is not interposed for the purpose of delay, preliminarily object to the bill for one or more of the following reasons: . . . (4) that the bill contains impertinent, irrelevant or scandalous matter, specifically quoted; . . . (7) that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defense to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it."

The defendants' preliminary objections were based solely upon (7) supra, and it was not averred that the bill contained any impertinent, irrelevant or scandalous matter. The defendants not having raised any objection under section 4 supra will be deemed to have waived any rights they might have had thereunder. Consequently, as the record stood on March 25 when the order of dismissal was entered, the only issue that would have been before the court below, *had* a hearing been held, was whether or not the bill of complaint was objectionable under section 7 of rule 48.

Rule 49 fixes the practice to be followed when an answer under rule 48 raising preliminary objections to the bill is filed by the defendant. It provides, inter alia: ". . . If a hearing is had, the Court shall either dismiss the objections . . . or sustain them . . . and require the plaintiff to amend accordingly . . . Provided, . . . (2) if the Court decides the bill contains impertinent, irrelevant and scandalous matter, which was maliciously inserted for the purpose of injuring defendant or a third party, it may dismiss the bill without giving leave to amend, in a proper case shall discipline plaintiff's counsel, and shall award to defendant a reasonable counsel fee; . . ." This case did not proceed to a hearing on the preliminary objections and consequently the court did not decide—and could not decide since it was not averred—that the bill contained impertinent,

irrelevant and scandalous matter, which was maliciously inserted for the purpose of injuring defendants. Therefore, the order for counsel fee in this case has no supporting basis and must be reversed.

There is a further reason why the order will not stand. The petition for counsel fee was presented some weeks after the equity proceedings had been finally terminated by the order of March 25 which *dismissed* the bill *by agreement*. Since the equity proceeding was at an end at the time defendants' petition was filed, the court could make no order on it: *Alcorn v. Ward Co.*, 262 Pa. 136, 104 A. 893.

Order reversed.