## Sottile v. Commonwealth

*G. Harry Isaacson* and *Ernest F. Walker*, for plaintiffs.

*Eugene A. Creany* and *James A. Dente*, for defendant.

SHETTIG, J., October 28, 1963.—After the testimony in the above action was concluded, a juror was withdrawn and the case continued for improper remarks made by the attorney for plaintiffs during his sum-

mation. Following this, plaintiffs filed a bill of costs to which defendant filed exceptions. These exceptions raise three questions: First, are plaintiffs entitled to witness fees and mileage for the continued trial where action of their counsel caused the continuance; second, are plaintiffs entitled to tax as costs the constable fee for serving a subpoena duces tecum on a prospective witness who was never called by plaintiff to testify; and third, is the filing of the bill of costs premature?

In condemnation cases where the Department of Forests and Waters of the Commonwealth of Pennsylvania is a party, costs of the proceedings are to be paid by the Department of Forests and Waters. The Act of May 20, 1921, P. L. 984, sec. 2, as amended by the Act of July 16, 1935, P. L. 1049, sec. 1, as amended by the Act of May 15, 1961, P. L. 202, sec. 1, 26 PS §281, provides, inter alia, as follows:

"When the amount payable to the owner of such land has been finally determined, the same, adjusted in accordance with any amount previously paid into court as provided in section 2 of this act, shall be paid by the Secretary of Forests and Waters, the Executive Director of the Pennsylvania Game Commission or the Executive Director of the Pennsylvania Fish Commission, as the case may be, from appropriations for such purposes or from the Game Fund or the Fish Fund. All costs in connection with any such proceedings shall be paid by the Commonwealth in like manner."

It would seem, therefore, that the property owners, in this case the plaintiffs, are entitled to the costs of the proceedings as a matter of right, for the act is mandatory in that the secretary of Forests and Waters "shall" pay the costs of proceedings. It is the contention of the Department of Forests and Waters that although it may be a matter of right to recover costs, plaintiffs themselves may, by their actions, preclude themselves from claiming these costs.

In this connection, defendants point to the case of Flisher v. Allen, 141 Pa. 525, 21 Atl. 672, which laid down the rule that the costs of a continuance should be paid by the party whose fault made the continuance necessary. The logical extension of this case, defendants claim, should excuse it from paying the costs when it did not in any manner cause the continuance. The Flisher case, however, is based on a rule of court of Philadelphia County which provided:

" 'Rule XVI. (44½). Bills of costs for attendance of witnesses, at terms when a cause is continued or tried, must be filed and a copy thereof served on the other party, within four days after the continuance of trial; . . .' "

The case had been continued from one term of court to the next at the request of defendants, but plaintiffs failed to file the bill of costs for witnesses in attendance and ready for trial for the first term. Plaintiffs claimed the rule of court was unconstitutional because it deprived plaintiffs of the right to recover costs which normally follow the judgment. This rule of court had been in effect for two years and plaintiffs' attorney was unaware of its existence until judgment on the verdict had been entered. Then when he filed the bill of costs, in accordance with the old rule of court, defendants filed exceptions. The Supreme Court said that the court of common pleas has the power to adopt rules of practice providing that the rules are not contrary to law or unreasonable. This rule did not deny plaintiffs the right to their costs but only prescribed the mode of ascertaining the amount due, and, as such, was not contrary to law or unreasonable. Accordingly, the Supreme Court affirmed the judgment of the lower court in refusing to permit the plaintiff to file his bill of costs nunc pro tunc.

Rule no. 38 of the Court of Common Pleas of Cambria County provides as follows:

"Bills of cost for attendance of witnesses must be filed and a copy served on the adverse party or his counsel within four days after the trial or continuance of the case, unless the time is extended by the court within the four days."

A comparison of local rule no. 38 and rule XVI (44½) of Philadelphia County, interpreted in the Flisher case, shows them to be almost identical in context although arranged differently. Neither rule provided for the case at bar where the continuance is caused by the successful party, as the property owner must be since this is a condemnation case. Since rule no. 38 of the Court of Common Pleas of Cambria County is silent in this respect, we must assume that the successful party is entitled to his costs, and the fact that an improper remark is made by counsel in the heat of summation is not, in our opinion, a sufficient reason to deprive the successful party of his costs unless such statement was deliberately made by counsel to cause the continuance in order to gain a more favorable atmosphere at a later trial. This we are not certain was the situation in the present case, although if we were satisfied that it was, we would deny plaintiffs' bill of costs.

The case of Alcorn v. Ward Co., 262 Pa. 136, cited by defendants, has no application to this case for it stands only for the proposition that in equity plaintiff may move to dismiss his own bill at any time before decree upon payment of defendant's costs, and it is a matter of course to permit him to dismiss the bill.

The second question concerns the item on the bill of costs of $3 for a constable serving a subpoena duces tecum on Frank Cammarata. Mr. Cammarata was not present in court at any time during the trial nor was any attempt made by plaintiffs to introduce in evidence the papers or documents called for in the subpoena duces tecum, so we fail to see how plaintiffs in good faith can claim this charge in the bill of costs.

The third question raised by defendants is that the filing of plaintiffs' bill of costs is premature and should not be filed until the final termination of the action. In view of the requirement of rule no. 38 of the Court of Common Pleas of Cambria County requiring that bills of costs ". . . must be filed and a copy served on the adverse party or his counsel within four days after the trial or continuance . . .", plaintiffs had no other alternative than to file the bill of costs within four days of the continuance of the action by order of the court. To have delayed until the final termination of the action would be too late. However, in view of the act of assembly governing the payment of record costs in this type of action, supra, which provides that when the amount which plaintiffs are entitled to receive by way of damages "has been finally determined," that the amount and "all costs in connection" with the proceedings shall be paid by the secretary of Forests and Waters, plaintiffs in this case cannot make a demand for these record costs until after the final determination of the instant action.

*Order*

And now, October 28, 1963, the exception of the Department of Forests and Waters to the $3 charge for constable fee in serving a subpoena duces tecum on Frank Cammarata is sustained, and said amount is stricken from plaintiffs' bill of costs heretofore filed. All other exceptions to said bill of costs are dismissed.